UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME SMITH, | ) Case No.: 1:21-cv-01395-NONE-JLT (HC) |
| Petitioner, | ) ORDER GRANTING MOTION FOR A KELLY STAY |
| v. | ) |
| TAMMY FOSS, Warden, | ) (Doc. 3) |
| Respondent. | ) |

On September 10, 2021, Petitioner filed the instant petition for writ of habeas corpus, which appears to raise two exhausted claims and three unexhausted claims (Doc. 1) and filed a motion for a stay and abeyance of the proceedings (Doc. 3). The Court directed Respondent to respond to the motion for stay and abeyance. (Doc. 7.) On October 20, 2021, Respondent filed an opposition to Petitioner's motion for a Rhines stay and a non-opposition to a Kelly stay. (Doc. 11.) As discussed below, the Court will grant a Kelly stay.

**DISCUSSION**

I.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir 1990). The Advisory

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

III.    Motion for Stay and Abeyance

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Two procedures are available to a habeas petitioner who wishes to stay a pending federal petition while exhausting claims in state court: the Rhines procedure and the Kelly procedure. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). The appropriate procedure in a particular case depends on whether the petition is "mixed" or fully exhausted. See id.

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly

2

unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Under Kelly, 315 F.3d 1063, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. Kelly, 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1070-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661). A petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back to claims contained in the original petition that were exhausted at the time of filing. King, 564 F.3d at 1143.

Respondent contends that Petitioner has not met the requirements for a stay under Rhines. (Doc. 11 at 1-5.) Petitioner is challenging his March 6, 2017, conviction of murder, arson of an inhabited dwelling, and unlawful possession of a firearm. (Doc. 1; LD 1-2.)[1] Petitioner raises five

---

[1] "LD" refers to the documents lodged by Respondent.

grounds: Petitioner argues that there is insufficient evidence to support his murder conviction (ground one), trial counsel was ineffective for failing to object to the prosecution's explanation of its burden of proof during closing argument (ground two), trial counsel failed to conduct a proper investigation or to contact and present the same witnesses who testified favorably in his first trial and that appellate counsel was ineffective for not raising the claim on appeal (ground three); trial counsel was ineffective for not challenging the trial court's burden of proof instruction and appellate counsel was ineffective for not raising the claim on appeal (ground four); and cumulative error (ground five). (Doc. 1 at 5-18.) He claims he has exhausted grounds one and two, acknowledges that he has not exhausted grounds three and four, and makes no mention of whether he has exhausted ground five, which it appears he has not. (See Doc. 3.)

Petitioner fails to provide evidence of good cause for the late emergence of his unexhausted ineffective assistance of counsel and cumulative error claims. As Respondent notes, Petitioner claims only that he is in the process of exhausting his claims in the state courts, and he fails to explain why he did not raise his claims sooner on a state court habeas petition. (Doc. 11 at 3.) And that Petitioner was proceeding without counsel in his state postconviction proceedings does not equate to good cause. (Id.; see Doc. 3 at 2.) "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id.

Additionally, though the Supreme Court stated that reasonable confusion over whether a state filing would be timely would ordinarily constitute good cause, see Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), such is not the case here. Petitioner does not maintain that he is uncertain whether the state supreme court would find his future habeas petition timely. (See Doc. 3.) Even if he had, as Respondent asserts, Pace does not apply here because Petitioner never presented his unexhausted claims to the state court. (Doc. 11 at 4.) Pace involved a petitioner already pursuing state collateral relief, confused as to whether his filings were timely. Petitioner's first state habeas petition appears to be void of claims and his second state habeas petition alleged the prosecutor altered evidence, a Brady v. Maryland, 373 U.S. 83 (1963), violation, and counsel was ineffective for failing to object to the

4

Brady violation and altered evidence and failed to hire a qualified fire investigator. (LD 5; LD 7.) Additionally, Petitioner has not pursued state review of his claims since the May 24, 2021 denial of his second state petition.

Respondent further contends that Petitioner has not shown that he has not intentionally engaged in dilatory tactics. (Doc. 11 at 4-5.) Petitioner previously filed two state habeas petitions, and despite this, Petitioner failed to exhaust all claims before filing his federal habeas petition. Moreover, he waited five months after the May 27, 2020 denial of his state supreme court review petition to file his first state habeas petition on October 29, 2020. (LD 3-5.) Once Petitioner's first state habeas petition was denied on October 30, 2020, a period of nearly seven months passed before filing his second state habeas petition on May 18, 2021. (LD 6-7.) Petitioner also appeared to take no action during the approximate four-month period between the May 24, 2021 denial of his second state petition and the filing of the instant federal habeas petition on September 10, 2021. (LD 8; Doc. 1.) Respondent also argues that Petitioner has not made any efforts to continue the exhaustion of his claims in state court since the May 24, 2021 denial of his second state habeas petition. (Doc. 11 at 5.) Respondent alleges that Petitioner has not proffered any supported, persuasive reason why he did not exhaust all claims in state court before filing his federal petition. (Id.) Petitioner has failed to carry his burden of establishing good cause for the delayed presentation to the state court, and he has not demonstrated that he has not intentionally engaged in dilatory tactics. Therefore, Petitioner fails to demonstrate that a Rhines stay is appropriate.

Respondent does not oppose a Kelly stay. (Doc. 11 at 5.) Since a Kelly stay does not require the showing of the lack of dilatory litigation tactics and good cause required for a Rhines stay, and there being no other obvious impediment to granting a Kelly stay, the Court will grant a stay of proceedings pursuant to Kelly while Petitioner exhausts grounds stated in his petition. Petitioner's habeas petition is a mixed petition containing both exhausted and unexhausted claims as described above. Thus, Petitioner must submit an amended petition which deletes his unexhausted claims to satisfy the first requirement for a Kelly stay, and the amended petition will be stayed and held in abeyance to allow Petitioner an opportunity to exhaust his claims in state court. Following final action by the state courts, Petitioner will then be allowed to file a third amended petition to attempt to re-

attach his exhausted claims.

Petitioner is cautioned, however, that while a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

The Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. Petitioner must diligently pursue his state court remedies. He is directed to file a status report within 60 days of the date of service of this order, and he must file a status report every 90 days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, provided the opinion is a denial of relief, Petitioner must file an amended petition within 30 days of the California Supreme Court's order. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, the Court ORDERS:

1) Petitioner's motion for stay (Doc. 3) pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), is GRANTED;
2) Petitioner is DIRECTED to submit an amended petition which deletes his unexhausted claims within 14 days of the date of service of this order;
3) The amended petition shall be stayed and held in abeyance to allow Petitioner an opportunity to exhaust his claims in state court;
4) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this order, and then every 90 days thereafter;

6

5) Petitioner is DIRECTED to file a third amended petition within 30 days of the California Supreme Court's order to attempt to re-attach his exhausted claims.

IT IS SO ORDERED.

Dated: __December 8, 2021__         _____ /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE