UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME SMITH, | No. 1:21-cv-1395 DAD AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TAMMY FOSS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without a lawyer in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is respondent's unopposed motion to dismiss claims three, four, and five of the second amended § 2254 petition.

I.  Factual and Procedural History

On August 12, 2021, petitioner filed his original habeas corpus application challenging his conviction for first-degree murder, arson, and felon in possession of a firearm following his jury trial in the Stanislaus County Superior Court. ECF No. 1. In claim one, petitioner asserted that the evidence was insufficient to support his conviction based on a felony murder theory. In claim two, petitioner challenged the effectiveness of his trial lawyer for failing to object to prosecutorial misconduct during closing argument. In his third claim, petitioner asserted that trial counsel was also ineffective for failing to investigate and present favorable defense witnesses. Claim four

1

challenged trial counsel's effectiveness based on failing to object to the jury instructions on reasonable doubt and the prosecutor's burden of proof. As part of these ineffective assistance of counsel claims, petitioner alleged that appellate counsel was constitutionally deficient for not raising them on direct appeal. In claim five, petitioner contended that he was denied a fair trial based on the cumulative effect of these multiple trial errors. Petitioner also filed a motion for a stay and abeyance of his § 2254 petition until all of his claims for relief were properly exhausted in state court. ECF No. 2.

On December 8, 2021, this court granted petitioner a stay of proceedings pursuant to Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003). ECF No. 16. Petitioner was directed to file a first amended § 2254 petition containing only his exhausted claims for relief which would then be held in abeyance until the California Supreme Court ruled on his unexhausted claims for relief. ECF No. 16 at 6-7. In this same order, petitioner was cautioned that any newly exhausted claims that petitioner seeks to add back to his stayed federal habeas action must be timely filed or relate back to his fully exhausted claims. ECF No. 16 at 3.

Petitioner filed a first amended § 2254 petition on December 30, 2021 that contained only his first two fully exhausted claims for relief. ECF No. 19. The instant action was then administratively stayed pursuant to Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003).

II.     Second Amended § 2254 and Motion to Dismiss

Petitioner filed a motion to lift the stay of these proceedings and lodged a proposed second amended § 2254 petition on June 9, 2022. ECF No. 22. The second amended § 2254 petition contains the same five claims for relief as the original § 2254 petition. ECF No. 27. The court lifted the stay of this case, directed the second amended § 2254 petition to be filed, and ordered respondent to file an answer. ECF No. 26.

On April 8, 2024, respondent filed a motion to dismiss claims three, four, and five of the second amended § 2254 petition because they were untimely filed and do not relate back to any of the fully exhausted claims in his original habeas petition. ECF No. 28.

On September 25, 2024, petitioner was ordered to file an opposition or statement of non-opposition to the pending motion to dismiss within 14 days. ECF No. 32. In the same order,

petitioner was informed that the failure to respond to the motion may be deemed a waiver of opposition to the granting of the motion.  See Local Rule 230(l).

        III.     Legal Standards

A one-year statute of limitations applies to all habeas petitions in federal court.  See 28 U.S.C. § 2244(d)(1).  The statute of limitations generally starts once a state court conviction becomes final at the conclusion of the direct appeal process.  See 28 U.S.C. § 2244(d)(1)(A).  This limitations period is tolled during the pendency of any state court habeas application including the intervals between the dismissal of one state application and the filing of the next for one complete round of collateral review.  See Gaston v. Palmer, 417 F.3d 1030, 1036 (9th Cir. 2005).  While the statute of limitations is paused during the pendency of any properly filed state habeas corpus petition, the clock does not stop running after a federal habeas petition is filed.  See 28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" to be entitled to statutory tolling of the one-year statute of limitations).

This one-year statute of limitations may prevent a federal habeas petitioner from adding new claims to his petition long after it has been filed.  Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  This rule applies in habeas corpus proceedings.  Mayle v. Felix, 545 U.S. 644, 650 (2005).  In Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth.  Id. at 650.  The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction.  Id. at 656–657.  "An amended habeas petition does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Hebner v.

McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting Mayle, 545 U.S. at 650).

IV.     Analysis

Petitioner did not file an opposition to the motion to dismiss claims three, four, and five as untimely, or otherwise explain how any of his newly exhausted claims for relief are timely filed. After independently reviewing the lodged state court record, the undersigned finds that the statute of limitations in this case expired on **November 15, 2021**.[1]  Although the original § 2254 petition in this case was filed before the limitations period expired, the operative second amended § 2254 was filed on **June 6, 2022** even with the benefit of the prison mailbox rule.

The only basis upon which claims three, four, and five could be timely filed is if they relate back to the fully exhausted claims in the original § 2254 petition.  In order to relate back, these claims must share the same core of operative facts as claims one and two of the original § 2254 petition.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (holding that newly added claims must relate back to the original exhausted claims for relief).  However, the new ineffective assistance of counsel claims differ in both time and type from the sufficiency of the evidence claim or the ineffective assistance of counsel claim for failing to object to prosecutorial misconduct during closing argument.  See Mayle v. Felix, 545 U.S. 644, 656 (2005).

Specifically, claims three and four assert that counsel failed to investigate and present favorable witnesses from the first trial and failed to challenge the jury instructions on reasonable doubt and the burden of proof.  The underlying facts supporting these claims concern discrete occurrences which are distinct from the sufficiency of the evidence supporting felony murder and trial counsel's performance during the prosecution's closing argument.  See Hebner v. McGrath, 543 F.3d 1133 (9th Cir. 2008) (affirming the denial of leave to amend a habeas petition to add a jury instruction challenge because it was a discrete occurrence distinct from the timely filed

---

[1] The statute of limitations actually expired on a weekend, so the deadline to file a timely § 2254 would have been extended to Monday, November 15, 2021.  See Fed. R. Civ. P. 6(a)(1)(C).  In sum, the undersigned finds that the limitations period began on October 31, 2020 after petitioner's state habeas corpus petition was denied by the Stanislaus County Superior Court, and ran until petitioner filed his second state habeas petition in the same court on May 11, 2021.  When this second state habeas petition was denied on May 24, 2021, the statute of limitations was no longer tolled, and continued to run until it expired on November 15, 2021.

admission of evidence claim). As a result, the undersigned finds that the ineffective assistance of counsel claims raised as grounds three and four do not relate back to any of the timely-filed claims in the original § 2254 petition. See King v. Ryan, 564 F.3d 1133, 1142 (9th Cir. 2009) (affirming the district court's conclusion that nine newly exhausted claims for relief did not relate back to the original timely filed claim challenging the sufficiency of the evidence supporting a sentence enhancement). The ineffective assistance of appellate counsel claims raised as part of claims three and four also do not relate back to any of the fully exhausted claims in the original petition. Appellate counsel's decision about which issues to present on appeal is different in both time and type from the trial errors that petitioner asserted in claims one and two of his original § 2254 petition. Thus claims three and four, in their entirety, were untimely filed and should be dismissed with prejudice.

However, the same cannot be said of the cumulative error claim presented in claim five. Indeed, respondent does not present any argument explaining why the cumulative error claim does not relate back to the combined prejudicial effect of claims one and two. See ECF No. 28 at 7-8 (motion to dismiss only analyzing relation back of claims three and four). Therefore, the undersigned finds that the cumulative error claim relates back to the timely filed original habeas petition to the extent—and only to the extent—that petitioner asserts that the combined prejudicial effect of claims one and two denied him a fair trial in violation of due process. See Frazier v. Farmon, 2007 WL 2019549, 2007 U.S. Dist. LEXIS 49309 (E.D. Cal. July 9, 2007) (adopting findings and recommendations that a cumulative error claim related back to the original timely filed habeas claims based upon their combined prejudicial effect). Accordingly, the motion to dismiss should be denied with respect to claim five.

Based on this analysis, it is recommended that respondent's motion to dismiss be granted with respect to claims three and four, but denied with respect to claim five of the second amended 2254 petition. Claims three and four should be dismissed with prejudice as barred by the one year statute of limitations.

////

////

V. <u>Plain Language Summary for Party Proceeding Without a Lawyer</u>

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss, the undersigned has determined that you filed claims three and four of your second amended federal habeas petition too late because they do not relate back to any of the claims in the original petition. As a result, it is recommended that these claims be dismissed. Claim five does relate back to your original habeas petition and should not be dismissed.

If you disagree with this recommendation, you have 21 days to explain to the court why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the file and make the final decision. If this recommendation is accepted, claims three and four will not be addressed on the merits.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 28) be granted with respect to claims three and four and denied with respect to claim five.

2. Claims three and four of the second amended § 2254 petition be dismissed with prejudice as untimely filed.

3. This matter be referred back to the magistrate judge for further proceedings with respect to claims one, two, and five of the second amended § 2254 petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE