UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME SMITH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TAMMY FOSS, Warden,<br><br>　　　　Respondent. | No.  1:21-cv-1395 DAD AC P<br><br><br><br>ORDER |

Pending before the court is petitioner's motion for an extension of time to file objections to the undersigned's October 21, 2025, findings and recommendations and for appointment of counsel.  ECF No. 43.

I.　　Appointment of Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  Additionally, Habeas Rule 8(c) of the Federal Rules Governing § 2254 cases mandates appointment of counsel *if* an evidentiary hearing is warranted.

In the present case, the court has thoroughly reviewed petitioner's claims and determined that the denial of his claims was not objectively unreasonable within the meaning of 28 U.S.C.

1

2254(d), see ECF No. 42, and an evidentiary hearing has not been deemed necessary. Accordingly, the court finds that the interest of justice would not be served by appointment of counsel at the present time, and appointment is not necessary.

II.     Extension of Time

Petitioner also seeks an extension of time to file objections to the undersigned's findings and recommendations dated October 21, 2025, because he was transferred to a new facility, on lock down for more than thirty days, deprived of his property, and denied access to the law library. ECF No. 43 at 2. Good cause appearing, petitioner will be granted thirty days from the date of this order to file objections.

With respect to his concerns regarding law library access, petitioner is informed that if staff at High Desert State Prison continue to deny him access to the law library or legal resources, he may inform the court and seek another extension of time. Any subsequent requests based on this issue should be supported by evidence of petitioner's efforts to obtain access to legal resources and the denial of such access. Should the issue continue, the court may ask respondent's counsel to respond to these allegations.

However, this habeas proceeding does not provide a forum for plaintiff to seek relief for the denial of access to the courts. When an inmate is denied access to legal resources *and* such denial results in actual injury to ongoing habeas litigation or impedes his ability to pursue other contemplated litigation, he may file a civil rights action under 42 U.S.C. § 1983 claim (not habeas claim) seeking redress for a violation of his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1996) (in order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim). Claims regarding the conditions of his confinement are not properly raised in a habeas petition. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (finding that condition of confinement claims generally must be raised in an action for violation of civil rights under 42 U.S.C. § 1983, not a petition for writ of habeas corpus); see also Lewis, 518 U.S. 349 (access to court claims).

2

Accordingly, IT IS HEREBY ORDERED that petitioner's motion (ECF No. 43) is GRANTED IN PART AND DENIED IN PART.  Appointment of counsel is DENIED without prejudice.  Petitioner is GRANTED thirty (30) days from the date of this order to file objections to the undersigned's October 21, 2025, findings and recommendations.

DATED: January 20, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE