UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME SMITH, | No. 1:21-cv-01395-DAD-AC |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* |
| TAMMY FOSS, | |
| Respondent. | (Doc. Nos. 1, 42) |

Petitioner Jerome Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 21, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition be denied. (Doc. No. 42 at 26.) Specifically, with regard to petitioner's first claim that the prosecution failed to prove intent to commit arson beyond a reasonable doubt at his trial, the magistrate judge found that this claim fails because the state appellate court properly concluded that defendant's arson conviction was supported by substantial evidence. (*Id*. at 6–17). Next, with regard to petitioner's second claim that his counsel provided ineffective assistance by failing to object during the prosecutor's closing argument addressing the reasonable doubt standard, the magistrate judge found that this claim fails because the state

1

appellate court's determination that defense counsel's failure to object did not prejudice the defense "was not an objectively unreasonable conclusion." (*Id.* at 17–25.) Finally, with regard to petitioner's claim five alleging a due process violation for cumulative trial errors, the magistrate judge found that this claim fails because the evidence "was sufficient to support the verdict, and petitioner has not established any other trial error of constitutional magnitude, [such that] there is nothing to cumulate with defense counsel's failure to object to the prosecutor's misleading statements in closing argument." (*Id.* at 25.)[1]

The findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 26.) On December 19, 2025, petitioner requested an extension of time to file objections and for the appointment of counsel. (Doc. No. 43 at 2–3.) On January 21, 2026, the magistrate judge denied petitioner's request to appoint counsel but granted him an additional thirty days from the date of that order to file objections. (Doc. No. 44 at 2–3.) To date, petitioner has not filed objections to the pending findings and recommendations, or any other filing on the docket in this case, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of *habeas corpus* has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–

---

[1] On January 30, 2025, the court granted respondent's motion to dismiss petitioner's claims three and four with prejudice as untimely filed. (Doc. No. 36.)

2

84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.  Therefore, the court also declines to issue a certificate of appealability.

Accordingly,

1.   The findings and recommendations issued on October 21, 2025 (Doc. No. 42) are ADOPTED IN FULL;

2.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is DENIED;

3.   The court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

4.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 10, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3